JAMES EDWIN LOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lott v. Commissioner
Docket No. 18333-84.
United States Tax Court
T.C. Memo 1985-492; 1985 Tax Ct. Memo LEXIS 141; 50 T.C.M. (CCH) 1109; T.C.M. (RIA) 85492; September 19, 1985. Mary Gorman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8 (81 T.C. XXV) for consideration and ruling on respondent's Motion for Judgment on the Pleadings. After a review of the record we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120 on June 10, 1985. Respondent *142 determined Federal income tax deficiencies and additions to tax under section 6653(b) in the following amounts: Income Tax
Additions to Tax
Year
Deficiency
Section 6653(b)
1977
$14,044
$7,022
1978
17,657
8,829
1979
15,194
7,597
1980
11,085
5,542
The deficiencies resulted from respondent's determination that petitioner, who is self-employed, failed to report taxable income from his business activities and taxable interest income in the years 1977 through 1980 in the respective total amounts of $35,314, $41,579, $37,481 and $29,261. On November 30, 1984 respondent filed his answer to the amended petition filed in this case. Petitioner filed no reply within the requisite period under Rule 37. On February 27, 1985 respondent filed a Motion (pursuant to Rule 37(c)) for Entry of Order that Undenied Allegations in Answer be Deemed Admitted and the Court issued a notice of filing of said motion. No reply was filed by petitioner within the extended time period allowed by the Court in the notice of filing. Consequently the Court, by order dated March 29, 1985, granted respondent's motion and deemed admitted for purposes of this case the undenied *143 affirmative allegations of fact in paragraphs 6, 7, and 8 of the answer. The following findings are based on allegations in respondent's answer admitting allegations in the amended petition and those facts in respondent's answer deemed admitted by our March 29, 1985 Order. FINDINGS OF FACT Petitioner was a resident of Forest Hill, Maryland at the time the petition herein was filed. Petitioner is self employed in the business of painting and wallcovering. During the years involved he failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of his income producing activities. Petitioner filed no tax returns for the years 1977, 1978, 1979 and 1980. Respondent determined petitioner's taxable income for the years 1977 through 1980 on the basis of the bank deposit method. During the years 1977, 1978, 1979 and 1980 petitioner maintained account No. 221-15190 to Union Trust and account No. 508-3311-0 at Equitable Trust Co. In 1977 and 1978 petitioner also maintained account No. 009-102-225-3 at Equitable Trust Co. During the years 1977 through 1980 petitioner made the following total deposits into the above bank accounts: Account No.
1977
1978
1979
1980
221-15190
$135,265
$156,797
$153,044
$119,203
508-3311-0
7,339
11,592
3,886
133
009-102-225-3
1,398
1,145
Total bank
$144,002
$169,534
$156,930
$119,336
deposits
*144 The bank deposits for 1979 include real estate commissions earned by petitioner's wife in the amount of $4,037. Petitioner's cost of goods sold was 30 percent of gross receipts for each of the years involved. Petitioner incurred business expenses equal to 65 percent of net receipts (gross receipts less cost of goods sold) in each of the years involved. Petitioner's unreported taxable income for the years 1977 through 1980 was as follows: 1977
1978
1979
1980
Total bank deposits
$144,002
$169,534
$156,930
$119,336
Less: real estate
commissions earned by
petitioner's wife
4,037
Total gross receipts
$144,002
$169,534
$152,893
$119,336
Less cost of goods
sold (30 percent
of gross receipts)
43,201
50,860
45,868
35,801
Less expenses (65 percent
of net receipts)
65,521
77,138
69,566
54,298
Add: Interest Income
from account No.
009-102-225-3 at
Equitable Trust Co.
34
43
22
24
Unreported taxable income
$35,314
$41,579
$37,481
29,261
A part of the underpayment of tax for each of the years 1977, 1978, 1979 and 1980 was due to fraud. OPINION Rule 120(a) provides that after the pleadings are closed and within such *145 time as not to delay trial any party may move for judgment on the pleadings. A motion for judgment on the pleadings may be granted only where the pleadings do not raise a genuine issue of material fact and the moving party is entitled to a decision as a matter of law. Anthony v. Commissioner,66 T.C. 367 (1976). In view of the facts deemed admitted here with respect to petitioner's unreported taxable income in each of the years 1977, 1978, 1979 and 1980 it readily appears that there is no genuine issue as to any material fact present in the record and consequently respondent is entitled to a decision as a matter of law. With respect to the additions to tax for fraud under section 6653(b) respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Rule 142(b). Respondent's burden can be satisfied through the undenied facts deemed admitted under Rule 37(c). Concaster v. Commissioner,77 T.C. 334 (1981). Here, the allegations in respondent's answer deemed admitted establish, inter alia, that the petitioner received business income in substantial amounts in each of the *146 years 1977, 1978, 1979 and 1980, that he failed to maintain adequate records of his income-producing activities for said years, that he failed to file income tax returns for the years 1977, 1978, 1979 and 1980 reporting said income, that such failure to file was fraudulent and with intent to evade tax and that a part of the underpayment of tax for each of the years 1977, 1978, 1979, and 1980 was due to fraud with intent to evade tax. The deemed admissions, both of evidentiary facts and conclusory facts (Doncaster v. Commissioner,supra at 337), establish clearly and convincingly that a part of the underpayment of tax in each of the years 1977, 1978, 1979 and 1980 was due to fraud with intent to evade tax. See also Marshall v. Commissioner, 85 T.C.     (filed Aug. 13, 1985). Respondent's Motion for Judgement on the Pleadings will be granted with respect to the income tax deficiencies and the additions to tax under section 6653(b) for the taxable years 1977, 1978, 1979 and 1980. An appropriate order and decision will be entered
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩